IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

Deborah Jones,　　　　　　　　　　　　　　　　　Case No: 3:07CV00298

　　　　Plaintiff,

　　　　v.　　　　　　　　　　　　　　　　　　　ORDER

Schindler Elevator Corp.,

　　　　Defendant

　　　　In this case, Deborah Jones, an African American woman, sues her former employer, Schindler Elevator Corp. ["Schindler"] for violations of the Ohio Civil Rights Act, R.C. § 4112.02. Jones claims that Schindler fostered a workplace in which racial hostility and harassment were common and that she suffered continuous harassment from approximately 1997 until she left Schindler in 2001.

　　　　The defense requests that the I either: 1) issue summary judgment in its favor;  2) dismiss under Fed. R. Civ. P. 41(b) due to the plaintiff's failure to prosecute; or 3) dismiss under Fed. R. Civ. P. 37(c)(1) due to plaintiff's failure to comply with Fed. R. Civ. P. 26(a). Should I deny all three of these motions, Schindler argues that I should order that the information plaintiff failed to produce per Rule 26(a) be inadmissible at trial.

　　　　Since I find defendant's conclusory statements in her complaint and affidavit do not raise a triable issue of material fact, I grant the defendant's motion for summary judgment. I also, however, discuss the application of Rule 41(b) and Rule 37(c)(1). In the event the parties return to this court, my analysis of these rules should prove informative to both the plaintiff and the defense.

**Background**

Schindler hired Jones, an African American female, in 1981. Jones primarily worked the second shift during the first sixteen years of her employment at Schindler. Around 1999, she moved to first shift hours and began working the PC support help desk.

Jones alleges that she began to experience hostility and harassment because of her race in 1997. Her immediate supervisor, Dennis Montz, a Caucasian male, was the source of much of this alleged harassment.

Jones reported the problems and continuously requested that her employer intervene. These reports went unheeded: Schindler either took no corrective actions or took actions that proved insufficient to resolve the problems. Jones even requested, and received, counseling to help her to deal with the problem. Despite her repeated reports, the incidents the harassment continued.

In February, 2001, Schindler placed Jones on a two-day paid suspension for calling an employee of one of Schindler's vendors a "dumb ass." According to Jones, Montz's falsified the charge that led to the suspension. At this time, Jones alleges that she was suffering so much hostility and harassment that she could no longer complete her employment duties and could not return to work. Schindler terminated Jones on April 20, 2001.

On July 14, 2003 Jones brought suit against Schindler in the Lucas County Common Pleas Court. Approximately two and a half year later she filed a Rule 41(a) notice of voluntary dismissal. Jones then re-filed the case in the same court on January 3, 2007, alleging violations the Ohio Civil Rights Act, R.C. § 4112.02. Shortly thereafter, Schindler removed the case to this court.

**Discussion**

**1. Motion for Summary Judgment**

Rule 56 of the Federal Rules of Civil Procedure states that summary judgment is appropriate "if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law."[1] The moving party must inform the district court "of the basis for its motion, and identifying those portions of 'the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any' which it believes demonstrate the absence of a genuine issue of material fact." *Celotex Corp. v. Cartrett*, 477 U.S. 317, 323 (1986) (quoting Fed. R. Civ. P. 56(c)).

I evaluate the claims in this case, related to violations of Ohio law, under the same standards as claims brought under Title VII of Federal Civil Rights Act of 1964. *Guy v. Cent. Locating Servs., Ltd.*, 389 F. Supp. 2d 843, 854 (N.D. Ohio 2005); *Myers v. Goodwill Indus. of Akron, Inc.*, 122 Ohio App. 3d 294, 301 (Ct. of App. 9th Dist. 1997) ("The evidentiary standards applicable to a determination of whether Title VII has been violated apply to the determination of whether R.C. Chapter 4112 has been violated."). The party moving for summary judgement bears the initial burden of pointing out to the district court that there is an absence of evidence to support the nonmoving party's case, but need not support its motion with "affidavits or other similar material *negating* the opponent's claim." *Celotex*, *supra*, 477 U.S. at 323 (emphasis in original). Once the moving party has made this showing "the nonmoving party must 'designate' specific facts showing

---

[1] The relevant portion of Rule 56 [Summary Judgment] reads:

> (c) Serving the Motion; Proceedings. The motion must be served at least 10 days before the day set for the hearing. An opposing party may serve opposing affidavits before the hearing day. The judgment sought should be rendered if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law.

there is a genuine issue for trial." *Vitt v. City of Cincinnati*, 250 F. Supp.2d 885, 889 (S. D. Ohio 2002) (citing *Celotex*, *supra*, 477 U.S. 324).

The parties agree that under this methodology, the non-moving party can make a prima facie case of racial harassment, by showing: 1) the employee is from a protected class; 2) the employee was subjected to unwelcome racial harassment; 3) the harassment was based on race; 4) the harassment had the effect of unreasonably interfering with the employee's work performance by creating an intimidating, hostile, or offensive work environment; and 5) the existence of employer liability. *See, e.g.*, *Hafford v. Seidner*, 183 F.3d 506, 512 (6th Cir. 1999); *Guy*, *supra*, 389 F. Supp. 2d at 854.

Jones' complaint easily satisfies the first and fifth elements. As an African American, she is a member of a protected class, and, if her allegations proved true, Schindler could be liable. However, whether the harassment which the plaintiff suffered was "racial," "based upon race," or "had the effect of unreasonably interfering with the employee's work performance by creating an intimidating, hostile, or offensive work environment," presents a more difficult question. *Guy*, *supra*, 389 F. Supp. 2d at 854. Since I do not believe that Jones makes a prima facie showing as to these issues, I grant Schindler's motion for summary judgment.

### A. Harassment Based on Race

Jones' complaint alleges that she was "a victim of racial harassment by Defendant on multiple occasions while employed on the grounds of Defendant." (Compl. ¶ 4.) Jones supports this broad allegation with three slightly more specific allegations, namely that she was: 1) "harassed by her supervisor, Dennis Montz, in that he openly protested her promotion to the position of PC Support Hardware Repair by interfering with her duties"; 2) "repeatedly disciplined and verbally

4

abused by Montz for mistakes that were made by another employee, the very employee Montz states he had wanted to have the position Plaintiff was promoted to"; and 3) "further harassed by Montz in that he refused to train her on her new job duties and instead trained another employee [that he wanted in her position]." (Compl. ¶¶ 5, 6, 7.)

These claims provide minimal specifics regarding the nature of the harassment defendant claims she suffered. The first claim is entirely conclusory. As a general rule, broad allegations of racial harassment provide minimal support for the plaintiff's underlying complaint, while phrases such as "multiple occasions" furnish little in the way of particulars.

Despite the seriousness of racial harassment, conclusory allegations "are not sufficient to defeat a motion for summary judgment." *Vitt*, *supra*, 250 F. Supp. 2d at 889; *see also, e.g.*, *Mitchell v. Toledo Hosp.*, 964 F.2d 577, 585 (6th Cir. 1992) (conclusory allegations "wholly insufficient evidence to establish a claim of discrimination as a matter of law"); *Amadasu v. Donovan,* 2006 WL 1401648, at *9 (S.D. Ohio May 18, 2006) (plaintiff's claims that "he was subjected to 'unwelcome conduct constituting harassing racial slurs, epithets, stereotypes, disrespect, verbal abuse and innuendoes'" are "unsupported conclusory allegations, [which] without more, are insufficient to establish a prima facie case").

While the plaintiff's affidavit contains more particulars, it also fails to present a prima facie case of racial harassment. Only two of Jones' allegations appear to relate directly to race: her claim regarding a colleagues' email containing the words "Yo Mama" and her assertion that her employer refused to provide her with a laptop computer, a piece of equipment "that was provided to every other Caucasian employee." (Jones Aff. ¶¶ 14, 19.)

5

These allegations do not show that race was the motivating reason behind Montz's or Schindler's behavior. *Cf. Clay v. United Parcel Serv.*, Inc., 501 F.3d 695, 707 (6th Cir. 2007). None of the events or workplace descriptions set out in the complaint or affidavit provide evidence that any incidents were sufficiently "imbued with racial discrimination." *Guy*, *supra*, 389 F. Supp. 2d at 855-57 (plaintiff alleged "a plethora of incidents" but no evidence that those incidents "occurred because of his race").

This is not to say that conduct must be explicitly race-based to constitute discrimination. In *Clay v. United Parcel Serv., Inc.*, *supra*, 501 F.3d at 706, the Sixth Circuit held that "[c]onduct that is not explicitly race-based may be illegally race-based and properly considered in a hostile-work-environment analysis when it can be shown that but for the employee's race, she would not have been the object of harassment." In that case, in contrast to this case, the plaintiff provided her own affidavit and that of two co-workers, all setting forth "specific conduct" for which the plaintiff "was berated and for which her white co-workers were not." *Id.* at 706. Here, the plaintiff provides no specifics and only her own affidavit.

### B. Harassment That was Severe or Pervasive

In this Circuit, the fourth prong requires a plaintiff to show that "under the 'totality of circumstances' the alleged harassment was 'sufficiently severe or pervasive to alter the conditions of the victim's employment and create an abusive working environment.'" *Id.* at 707 (quoting *Williams v. Gen. Motors Corp.*, 187 F.3d 553, 560, 562 (6th Cir. 1999)); *see also Ulmer v. Dana Corp.*, 200 F. Supp. 2d 804, 821 (N.D. Ohio 2002). To conduct this analysis, I must look at "the frequency of the discriminatory conduct; its severity; whether it is physically threatening or humiliating, or a mere offensive utterance; and whether it unreasonably interferes with an

6

employee's work performance." *Harris v. Forklift Sys., Inc.*, 510 U.S. 17, 23 (1993) (*quoted in Randolph v. Ohio Dep't of Youth Servs.*, 453 F.3d 724, 733 (6th Cir. 2006)).[2]

In *Clay*, the Sixth Circuit upheld a finding that the plaintiff's citation to "fifteen specific incidents" did not meet the pervasiveness requirement, by virtue of being "isolated." *Clay*, *supra*, 501 F.3d at 707-08. Citing the Supreme Court, the Sixth Circuit pointed out that "[i]n a hostile work environment claim, 'the actionable wrong is the environment, not the individual acts that, taken together, create the environment.'" *Id.* at 708 (quoting *Ledbetter v. Goodyear Tire & Rubber Co.*, U.S. , 127 S. Ct. 2162, 2175 (2007); *see also Ulmer*, *supra*, 200 F. Supp. 2d at 821(despite plaintiff setting forth "a number of incidents . . . including Dana's failure to promote him or other minority employees, his discipline for creation of scrap parts, and the use of a racial slur by a co-worker," plaintiff failed to offer sufficient evidence of severity or pervasiveness). Likewise, in *Guy v. Central Locating Service, Ltd.*, *supra*, 389 F. Supp. 2d at 856, the court acknowledged that though several specific incidents clearly related to plaintiff's race, the incidents amounted to "isolated occurrences" that "were not physically threatening or humiliating, but were mere 'offensive utterances.'"

Jones also fails to prove the severity or pervasiveness of her claims. The lack of specificity in the complaint and affidavit directly contribute to this failure. The allegations related to race appear to be isolated events, while the more pervasive allegations lack specificity, and thus remain conclusory. Complaints such as "Mr Motz refused to provide training to me so that I could

---

[2] While severity is arguably a question of fact, courts have held, and this Circuit has affirmed, that as a matter of law particular conduct is not sufficiently severe or pervasive to create an "abusive working environment." *Clay*, *supra*, 501 F.3d at 707.

accomplish my duties," "Mr. Montz continuously interfered so that it was almost impossible to carry out my employment duties," and "I was continually asked to complete job duties" that were assigned to another employee do not provide enough context to assess severity. (Jones Aff. ¶¶ 12, 13, 18.)

Since Schindler pointed out the absence of evidence in the plaintiff's case, and Jones has failed to come forward with evidence raising a triable issue of fact, I grant defendant's motion for summary judgment.

## 2. Motions to Dismiss

Schindler also requests dismissal under Rules 41(b) or 37(c)(1) of the Federal Rules of Civil Procedure. Under Rule 41(b), if the plaintiff fails to prosecute or to comply with the Rules of Civil Procedure or a court order, "a defendant may move to dismiss the action or any claim against it" and unless the dismissal states otherwise, it "operates as an adjudication on the merits."[3] Similarly, under Rule 37(c)(1) "[i]f a party fails to provide information or identify a witness as required by Rule 26(a) or (e), the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless." Furthermore, "on motion and after giving an opportunity to be heard," Rule 37(c)(1) allows the court to impose additional or alternative sanctions, including dismissal.[4]

---

[3] The relevant portion of Rule 41 [Dismissal of Actions] reads:

> (b) Involuntary Dismissal; Effect. If the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it. Unless the dismissal order states otherwise, a dismissal under this subdivision (b) and any dismissal not under this rule--except one for lack of jurisdiction, improper venue, or failure to join a party under Rule 19--operates as an adjudication on the merits.

[4] The relevant portion of Rule 37 [Failure to Make Disclosures or to Cooperate in Discovery;

Notwithstanding the previous holding, I note that if the plaintiff's arguments had overcome Schindler's motion for summary judgment, I would not have granted the motion to dismiss under Rule 41(b) or Rule 37(c)(1).

### A. Rule 41(b) Motion

In the Rule 41(b) context, the Sixth Circuit has relied on the four factor test outlined in *Regional Refuse System, Inc. v. Inland Reclamation Co.*, 842 F.2d 150, 153-55 (6th Cir. 1988): "(1) whether the party's failure is due to willfulness, bad faith, or fault; (2) whether the adversary was prejudiced by the dismissed party's conduct; (3) whether the dismissed party was warned that failure to cooperate could lead to dismissal; and (4) whether less drastic sanctions were imposed or considered before dismissal of the action." *Mulbah v. Detroit Bd. of Ed.*, 261 F.3d 586, 589 (6th Cir.2001).

The defendant cites two points in support of its Rule 41(b) motion: 1) Jones' delay in litigating this suit at the state court level and 2) Jones' recent failure to exchange Rule 26(a) disclosures by the deadline the parties agreed on at the March 27, 2007 case management conference.

---

Sanctions] reads:

> (c) Failure to Disclose, to Supplement an Earlier Response, or to Admit.
> (1) Failure to Disclose or Supplement. If a party fails to provide information or identify a witness as required by Rule 26(a) or (e), the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless. In addition to or instead of this sanction, the court, on motion and after giving an opportunity to be heard:
> (A) may order payment of the reasonable expenses, including attorney's fees, caused by the failure;
> (B) may inform the jury of the party's failure; and
> (C) may impose other appropriate sanctions, including any of the orders listed in Rule 37(b)(2)(A)(i)-(vi).

Schindler provides little to no information about the state court case that preceded this one. As a result it is very difficult to assess whether the "the delay on the plaintiff's part prior to removal constitutes a failure to prosecute as a matter of federal law." *Nealey v. Transportacion Maritima Mexicana , S.A.*, 662 F. 2d 1275, 1279, n.5 (6th Cir. 1980). To do so, I would ideally like to consider whether "the plaintiff was within his rights under relevant state law," a point which Schindler does not appear to challenge. *Id*.

Dismissal of an action under Rule 41(b) "is a harsh sanction which the court should order only in extreme situations showing 'a clear record of delay or contumacious conduct by the plaintiff.'" *Carter v. City of Memphis*, 636 F.2d 159, 161 (6th Cir. 1980) (despite attorney's "wholly insufficient" efforts, district court's dismissal was an abuse of discretion); *see also Patterson v. Twp. of Grand Blanc*, 760 F.2d 686, 688 (6th Cir. 1985) ("The sanction is extremely harsh in that it deprives a plaintiff of his day in court due to the inept actions of his counsel.").

Absent such a showing, "the district court is limited to lesser sanctions designed to achieve compliance." *Little v. Yeutter*, 984 F.2d 160, 162 (6th Cir. 1993) (noting competing concerns in a 41(b) dismissal decision). *Compare Stough v. Mayville Cmty. Schs.*, 138 F. 3d. 612, 613-14 (6th Cir. 1998) (dismissal due to plaintiff's failure to timely respond to several motions an abuse of discretion), *and Carter*, *supra*, 636 F.2d at 160-61 (dismissal when neither party filed proposed pretrial orders by the deadline an abuse of discretion), *with Harmon v. CSX Trasnportation, Inc.*, 110 F.3d 364, 365-66 (6th Cir. 1997) (dismissal appropriate when plaintiff provided inadequate answers to interrogatories, never responded to defendant's request for supplementation, never responded to defendant's motion to compel, and never complied with the court's order compelling discovery), *and*

10

*Coston v. Detroit Edison Co.*, 789 F.2d 377, 378-79 (6th Cir. 1986) (dismissal appropriate when plaintiff failed to appear at three separate court conferences).

With regard to the present proceeding, plaintiff's failure to exchange Rule 26 disclosures was distinct and definite, but I am not convinced that the level of prejudice suffered by the defendant warrants dismissal. Furthermore, Jones received no warning that a failure to cooperate could lead to dismissal and this court has not imposed or considered less drastic sanctions.[5]

If, however, despite this court's summary judgment decision, Jones has an opportunity to litigate this case in the future, this decision serves as such a warning. Plaintiff's current response to this motion – that defendant also did not file a Rule 26 disclosure[6] and that the Rule requires the defendant attempt to confer with the party that failed to make a disclosure before resorting to court action – is entirely unacceptable and will prove fatal to plaintiff's case if argued again in similar circumstances.

### B. Rule 37(c)(1) Motions

For the reasons cited above, I would also refrain from dismissing Jones' case for her singular violation of Rule 26. The case law is somewhat confused as to whether the *Regional Refuse* factors outlined above apply in the Rule 37(c) context. *Compare Bank One of Cleveland, N.A. v. Abbe*, 916 F.2d 1067, 1079 (6th Cir. 1990) (applying the *Regional Refuse* factors in the 37(b)(2) context), *and Edwards v. City of Grand Junction, Tenn.*, 1999 WL 232694 at *2 (6th Cir. April 15, 1999) (citing

---

[5] At the least, the defendant's counsel should have contacted plaintiff's counsel following the latter's failure to provide the Rule 26 disclosures on June 1, 2007.

[6] This is not only a poor legal argument – it is also factually incorrect. Defendant timely filed its disclosure on June 1, 2007.

*Bank One* for *Regional Refuse* factors and applying them 37(c)(1) context), *with Vance, by and Through Hammons v. U.S.*, 1999 WL 455435, at *6 (6th Cir. June 25, 1999) (holding that plaintiff's argument that the *Regional Refuse* test applied was incorrect since the Sixth Circuit established the *Regional Refuse* test before Congress passed Rule 37(c)(1) in 1993).

These holdings, however, can be squared by reading 37(c)(1) as requiring a party's failure to comply with Rule 26(a) or (e) result in a substantial sanction – generally the court barring the party from using the "information or witness [that should have been disclosed] to supply evidence on a motion, at a hearing, or at a trial" – unless the failure "was substantially justified or is harmless." Fed R. Civ. P. 37(c)(1). If a party requests additional sanctions – in this case dismissal – the court can and should use the *Regional Refuse* factors to assess the appropriateness of these heightened sanctions.

Since I find the plaintiff's failure was neither "substantially justified" or "harmless," I would have imposed the bar or another substantial sanction, but, for the reasons outlined in section 2.A. would not have imposed the heightened sanction of dismissal as requested by the defendant.

## Conclusion

For the foregoing reasons, it is therefore,

ORDERED that the defendant's motion for summary judgment [Doc. 9] be, and the same hereby is, granted.

So ordered.

> s/James G. Carr
> James G. Carr
> Chief Judge